**No. 51294.**—Protests 55995–K, etc., of S. Alioto & Son et al. (New York).

Opinion by Keefe, J.   It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese to compensate for the weight of the foreign substance on the outside of the cheese.   As to the cheese similar to that the subject of *Scaramelli* v. *United States, supra,* and Abstract 48539, it was held that same is dutiable upon the basis of the net weight of the cheese as returned by the United States weigher, not including the weight of the strings, less 2½ percent for the inedible coverings.   As to the cheese similar to that passed upon in *Kraft Phenix Cheese Corp.* v. *United States* (T. D. 47955), it was held that an allowance for the weight of the paper or foil, or both, should have been made by the collector from the net weight used in computing the duty thereon.   The protests were sustained to this extent.

**No. 51295.**—Protests 49963–K, etc., of Antolini & Co. et al. (New York).

Opinion by Keefe, J.   It was stipulated that certain items of the merchandise consist of cheese the same in all material respects as that the subject of *Kraft Phenix Cheese Corp.* v. *United States* (T. D. 47955).   In accordance therewith it was held that an allowance for the weight of the paper or foil, or both, should have been made by the collector from the net weight used in computing the duty thereon.   The protests were sustained to this extent.

**No. 51296.**—Protests 18756–K, etc., of Eastman Kodak Co. (Rochester).

Opinion by Keefe, J.   It was stipulated that the merchandise is the same in all material respects as that passed upon in *Eastman Kodak Co.* v. *United States* (12 Cust. Ct. 105, C. D. 836).   In accordance therewith the claim for free entry was sustained.

**No. 51297.**—Protests 103181–K, etc., of Maryland Distillers Products Co. et al. (Baltimore).

Opinion by Keefe, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328) and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers.   The protests were sustained to this extent.